### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07-cr-230-TFM |
| ) | |
| CHARLES E. SANDERS ) | |

### ORDER

Upon consideration of Defendant's Motion to Continue trial, filed March 6, 2008, and for good cause, it is

ORDERED that the motion is GRANTED to the extent that the trial of this matter is hereby set on the misdemeanor trial term which commences on May 5, 2008. In setting this case for trial on the term indicated above, the court recognizes that the Speedy Trial Act places limits on the court's discretion, and that under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In determining whether a case should be set after the expiration of the 70 day period, a court must consider among other factors "[w]hether the failure to [set the case at a later date] . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). Based on the nature of this case, the need to properly evaluate and prepare for the case, the court finds that the ends of

justice served by setting this case on this trial term outweigh the best interest of the public and the defendant in a speedy trial.

      DONE, this 6$^h$ day of March, 2008.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE